# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 20, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SANDRA L. WILLIAMS,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0166** (BOR Appeal No. 2048751)
                     (Claim No. 2010112351)

**ALCAN ROLLED PRODUCTS – RAVENSWOOD, LLC,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Sandra L. Williams, by Edwin H. Pancake, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alcan Rolled Products – Ravenswood, LLC, by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 23, 2014, in which the Board affirmed an August 16, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 12, 2013, decision denying Ms. Williams's request to have her claim reopened for additional temporary partial disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Williams was a production worker for Alcan Rolled Products. On October 23, 2009, she sustained several fractures, lacerations, and bruises when a forklift ran over her. Ms. Williams also developed posttraumatic stress disorder as a result of the incident. The claims administrator held her injury compensable, and following a course of treatment, Ms. Williams was released to return to work. She then received vocational rehabilitation services from Lisa J. O'Neal, C.D.M.S., Q.R.P. Ms. O'Neal determined that Ms. Williams was unable to return to her pre-injury employment because of her posttraumatic stress disorder and initiated the job search

1

phase of the rehabilitation plan on January 4, 2012. During this phase, Ms. Williams registered with Workforce West Virginia, and Ms. O'Neal assisted her with the registration process. Ms. O'Neal also provided Ms. Williams with employment leads and instructed her to contact ten to fifteen employers per week. At the conclusion of the ninety-day job search phase, Ms. O'Neal reported that Ms. Williams had not returned to gainful employment. On April 20, 2012, the claims administrator closed the claim for vocational rehabilitation benefits based on Ms. O'Neal's report. This claims administrator decision was affirmed by the Office of Judges.

Seven months after her claim was closed for vocational rehabilitation benefits, Ms. Williams started working on a part-time basis for the National Council on Aging. She found the job through her contact with Workforce West Virginia. She then submitted an application to the claims administrator requesting that her claim be reopened for temporary partial disability benefits to compensate her for the difference in average weekly wages between her full-time employment with Alcan Rolled Products and her part-time employment at the National Council on Aging. On February 12, 2013, the claims administrator denied her request to reopen the claim for additional temporary partial disability benefits. The claims administrator stated that Ms. Williams did not qualify for temporary partial disability benefits under West Virginia Code § 23-4-9(d) (2005) because she did not return to gainful employment under an active rehabilitation plan. On August 16, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Office of Judges' Order on January 23, 2014, leading Ms. Williams to appeal.

The Office of Judges concluded that Ms. Williams was not entitled to have her claim reopened for additional temporary partial disability benefits. The Office of Judges found that Ms. Williams's current employment was not part of a vocational rehabilitation plan. It found that she was no longer receiving rehabilitation services when she found and started her job at the National Council on Aging. The Office of Judges specifically pointed out that Ms. Williams's vocational rehabilitation plan had terminated seven months prior to when she started working. It found that even though she discovered her current job through her contact with Workforce West Virginia, there was an insufficient nexus between her job at the National Council on Aging and her vocational rehabilitation plan to entitle her to temporary partial disability benefits. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Williams has not demonstrated that she is entitled to have her claim reopened for temporary partial disability benefits. Although there is a significant difference between her current average weekly wages and the wages she received while working for Alcan Rolled Products, she has not shown that her return to employment was "part of a rehabilitation plan" as required under West Virginia Code § 23-4-9(d). At the time she returned to work, her vocational rehabilitation plan had terminated and she was no longer receiving rehabilitation services. Ms. Williams's request for temporary partial disability benefits to supplement the difference between her current wages and what she earned while working for Alcan Rolled Products is not consistent with the language of West Virginia Code § 23-4-9(d), and the claims administrator was justified in rejecting her reopening application.

2

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:**


**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II